UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                   :

**APICHAYA SRIMARAYAT**,

                                   :

                          Petitioner,      :

                                     :   **MEMORANDUM DECISION AND**

           – against –                    **ORDER**

                                     :   24-CV-6737 (AMD)

**PAMELA BONDI, ATTORNEY GENERAL OF** :
**THE UNITED STATES; JOSEPH B. EDLOW,**
**USCIS DIRECTOR**,                      :

                                     :

                       Respondents.   :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The petitioner brings this action under the Administrative Procedure Act ("APA"), 5

U.S.C. § 702, and the Mandamus Act, 28 U.S.C. § 1361, against the Attorney General of the

United States and the director of United States Citizenship and Immigration Services ("USCIS")

seeking to compel their agencies to accept the petitioner's January 27, 2023 Form I-485,

Application to Register Permanent Residence or Adjust Status ("I-485" or "green card

application"). (ECF No. 13.)[1,2]  The respondents move to dismiss the complaint pursuant to

Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Rules 12(b)(6) or 56. (ECF No. 17-1

---

[1] Under Federal Rule of Civil Procedure 25(d), the successor of a party who is a public official is automatically substituted as the party to the suit.

[2] The petitioner brought this action on September 25, 2024. (ECF No. 1.)  In the original complaint, the petitioner asked the Court to require the respondents "to reopen, adjudicate, and grant Petitioner's I-485." (*Id.* at 3.)  After a February 25, 2025 pre-motion conference, the petitioner amended the complaint, with the respondents' consent, pursuant to Federal Rule of Civil Procedure 15(a)(1) and (2). (ECF Nos. 12, 13.)  In the amended complaint, which completely replaces the original complaint, the petitioner asks the Court to order the respondents "to accept Petitioner's initial I-485." (ECF No. 13 at 3.)

at 7.)  As explained below, the Court grants the motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

An immigrant with an F-1 visa who seeks to change her status to lawful permanent resident must take certain steps.  She must file two forms, a green card application and an "immigrant petition."  *See Adjustment of Status*, U.S. Citizenship & Immigr. Servs., https://www.uscis.gov/green-card/green-card-processes-and-procedures/adjustment-of-status. An "immigrant petition" demonstrates eligibility for residency based on characteristics like employment, family relationship, or refugee status.  *Id.*  An applicant must also have her fingerprints taken, attend an interview with USCIS, and pay the necessary filing fees.  *Id.*

If the immigrant is applying based on her employment, the employer must file a Form I-140, Immigrant Petition for Alien Workers ("I-140"), which demonstrates an immigrant's eligibility for employment-based adjustment of status.  *See* 8 U.S.C. § 1154(a)(1)(F) ("Any employer desiring and intending to employ within the United States an alien entitled to classification under section 1153(b)(1)(B), 1153(b)(1)(C), 1153(b)(2), or 1153(b)(3) of this title may file a petition with the Attorney General for such classification."); 8 C.F.R. § 204.5 (outlining rules governing petitions for employment-based immigrants).  Before it submits the I-140, the employer must file an application for labor certification with the Department of Labor. *Id.* § 204.5(a)(2).  The immigrant is then assigned a "priority date," which is the date on which the employer filed the application for labor certification.  *Id.* § 204.5(d).  The priority date establishes the immigrant's place in the visa queue.  In its monthly "Visa Bulletin," the State Department lists the priority dates eligible that month to apply for a visa.  If more people apply for a particular category of visa than there are visas available for that month, the cut-off date may

move to an earlier date.[3]  *See Visa Availability and Priority Dates*, U.S. Citizenship & Immigr. Servs., https://www.uscis.gov/green-card/green-card-processes-and-procedures/visa-availability-and-priority-dates ("*Visa Availability and Priority Dates*"); *see also* 8 C.F.R. § 245.1(g)(1) ("An alien is ineligible for the benefits of section 245 of the Act unless an immigrant visa is immediately available to him or her at the time the application is filed."); 22 U.S.C. § 42.51 ("[T]he [State] Department shall allocate immigrant visa numbers for use in connection with the issuance of immigrant visas and adjustments based on the chronological order of the priority dates of visa applicants.…").

The petitioner, a native of Thailand (ECF No. 13 ¶ 2), arrived in the United States on June 23, 2021 (ECF No. 11-1 at 63).[4]  On January 27, 2023, she applied under 8 U.S.C. § 1255, (ECF No. 13 ¶¶ 2–3), to adjust her status from an F-1 visa, (ECF No. 11-1 at 41), to lawful permanent residency.  When she applied, she submitted an I-485 and an I-140, as well as a $1,225 check to USCIS.  (ECF No. 13 ¶ 9; ECF No. 13-2 at 1–2.)  In her application, the petitioner asserted that she was eligible based on her employment, with a priority date of April 12, 2022.  (ECF No. 13 ¶ 9.)  On January 27, 2023, the Visa Bulletin listed a cutoff date of September 8, 2022 for immigrants in the petitioner's category, so she was eligible to apply based on her priority date.  (*Id.*)

On February 9, 2023, USCIS notified the petitioner, by Form I-797, Notice of Action, that it had rejected her I-485 and I-140, because she paid the wrong filing fee amount.  (ECF No. 13-3; ECF No. 11-1 at 178.)  The petitioner paid the right amount — $1,225 — for the I-485

---

[3] USCIS and the State Department call this "retrogressing."  *See Visa Availability and Priority Dates*.

[4] "[I]n resolving a Rule 12(b)(1) motion, 'a district court . . . may refer to evidence outside the pleadings.'"  *Molokotos-Liederman v. Molokotos*, No. 23-CV-1654, 2023 WL 5977655, at *5 (S.D.N.Y. Sept. 14, 2023) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

(ECF No. 13-2 at 2; ECF No. 13-4 at 1), but paid the wrong amount for the I-140 (ECF No. 11-1 at 29).  USCIS rejected both forms, because the I-485 was dependent on the I-140.  (ECF No. 17-1 at 9.)  The Notice of Action included the following directions: "Please resubmit the application/petition package with the appropriate fees. . . ."  (ECF No. 13-2 at 3.)  USCIS sent a separate notice that said, "If you do file the benefit request again, please note the following: Since your submission was rejected, it is not yet considered properly filed.  You must meet all requirements as of the date of the new filing."  (ECF No. 11-1 at 1, 96.)  The petitioner resubmitted the forms with the correct filing fees on February 13, 2023.  (ECF No. 13 ¶ 13.)  By then, however, USCIS had moved the cutoff date back to February 1, 2020.  (*Id.* ¶ 14.)  The new priority date — well before the petitioner's priority date of April 12, 2022 — meant that she was no longer eligible for a green card.  USCIS denied her I-485 on June 28, 2024.  (ECF No. 11-1 at 19–21.)  The petitioner filed an appeal, which USCIS denied.  (ECF No. 13 ¶¶ 15–16.)

The petitioner brings this action under the APA, 5 U.S.C. § 702, and the Mandamus Act, 28 U.S.C. § 1361, alleging that the respondents "fail[ed] to act appropriately in a timely manner" in its consideration of her February 13, 2023 I-485.  (ECF No. 13 ¶¶ 5, 20.)  The petitioner seeks an order "requiring Respondents to accept Petitioner's initial I-485," "awarding Petitioner reasonable legal and filing fees," and "granting such other relief at law and in equity as justice may require."  (ECF No. 13 at 3.)

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113.  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

As an initial matter, it is not clear which USCIS decision the petitioner is challenging. In the amended complaint, she argues that USCIS denied her I-485, "despite the Petitioner's timely resubmission." (ECF No. 13 ¶ 14.) According to the petitioner, USCIS told her to resubmit her application, which led her to believe that her priority date would still be considered timely when she submitted the correct package. (*Id.* ¶¶ 12–13.) At the same time, however, the petitioner says that USCIS made a "procedural misstep concerning the proper *acceptance* of the [February 16, 2023] application." (ECF No. 18 at 4 (emphasis in original).) She contends that USCIS should have rejected her second application immediately if her priority date made her statutorily ineligible for a green card, instead of giving her submission full consideration. (*Id.*; *see also* ECF No. 13 ¶ 18 (discussing "USCIS's unreasonable fourteen (14) month delay in adjudicating her Form I-485, which ultimately resulted in denial solely based on visa unavailability — a determination that did not involve any factual findings or consideration of her individual circumstances").)

The respondents say that regardless of the basis for the petitioner's challenge, 8 U.S.C. § 1252(a)(2)(B)(i) precludes judicial review of USCIS's decisions regarding her application for adjustment of status.  (ECF No. 17-1 at 14–16; ECF No. 20 at 6–7.)  Thus, the respondents argue, the Court does not have subject matter jurisdiction over the petitioner's claims.[5]

## I.      USCIS's Denial of the Petitioner's I-485

8 U.S.C. § 1252(a)(2)(B)(i) provides that "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title."  8 U.S.C. § 1252(a)(2)(B)(i).  In *Xia v. Bondi*, the Second Circuit held that "a decision by USCIS to deny an application for adjustment of status under § 1255 constitutes a 'judgment' to which the jurisdictional bar in § 1252(a)(2)(B)(i) attaches."  137 F.4th 85, 90–93 (2d Cir. 2025) (citing *Patel v. Garland*, 596 U.S. 328, 331–46 (2022)); *Jiang v. Bondi*, 24-CV-3138, 2025 WL 1503986, at *2–3 (E.D.N.Y. May 27, 2025) (applying *Xia* to conclude that the court lacked jurisdiction to review USCIS's denial of an adjustment of status application).

*Xia* controls the outcome of this case.  The petitioner filed an adjustment of status application pursuant to 8 U.S.C. § 1255, which USCIS denied.  (ECF No. 13 ¶¶ 3, 14.)  She then brought this action in which she asks the Court to set aside USCIS's decision and order the defendants to "accept" her petition.  (*Id.* at 3.)

As the Second Circuit ruled, § 1252(a)(2)(B)(i) strips this Court of jurisdiction to review the petitioner's claims, whether she seeks relief under the APA or by mandamus.  "The APA

---

[5] The respondents also argue that the Court should not consider the petitioner's challenge to the acceptance of the application, because she raises it for the first time in her opposition to the motion to dismiss.  (ECF No. 20 at 4–6.)  However, she alleges in the amended complaint that USCIS "fail[ed] to act appropriately and in a timely manner" after she resubmitted her application.  (ECF No. 13 ¶¶ 17–20.)  Therefore, the petitioner raised the issue in the complaint.

explicitly does not apply 'to the extent that . . . statutes preclude judicial review,' 5 U.S.C.

§ 701(a)(1)," as 8 U.S.C. § 1252(a)(2)(B)(i) does in this instance. *Delgado v. Quarantillo*, 643

F.3d 52, 55–56 (2d Cir. 2011). "Nor may [the Court] allow [the petitioner] to evade the

restrictions of section 1252(a)(5) by styling her challenge as a mandamus action in order to claim

jurisdiction under 28 U.S.C. § 1361." *Id.* at 56; *Jiang*, 2025 WL 1503986, at *5. In short, the

Court does not have subject matter jurisdiction to review the denial of the petitioner's adjustment

of status application.

**II.     USCIS's Acceptance and Consideration of the Petitioner's I-485**

According to the petitioner, 8 U.S.C. § 1252(a)(2)(B)(i) does not bar review of USCIS's

decision to review her February 13, 2023 application. (ECF No. 18 at 4–5.) She claims that the

jurisdictional bar applies to only judgments that are (1) discretionary and (2) involve whether to

grant relief. (*Id.*) The petitioner reasons that USCIS should have immediately denied her

application as a matter of procedure, not discretion, because she was statutorily ineligible for a

green card based on her priority date. (*Id.*) She also characterizes statutory eligibility as an

"antecedent question," not a "judgment regarding the granting of relief." (*Id.*) Neither argument

is persuasive.

The Second Circuit was unequivocal that "USCIS's denial is unreviewable regardless of

whether it rested on discretionary factors, a determination that [the petitioner] is statutorily

ineligible for adjustment of status, or both." *Xia*, 137 F.4th at 93. Therefore, even if USCIS's

decision was procedural, as the petitioner claims, the Court does not have subject matter

jurisdiction to review it. Second, "antecedent questions" like statutorily eligibility are still

"judgment[s] regarding the granting of relief" that the Court cannot review. The Supreme Court

wrote in *Patel v. Garland* that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of

decisions" and prohibits judicial review of "*any* judgment *regarding* the granting of relief,"

including "threshold requirements established by Congress." *Patel*, 596 U.S. at 332, 338 (emphasis in original); *Bouarfa v. Mayorkas*, 604 U.S. 6, 18–19 (2024) (discussing *Patel*); *Kamel v. U.S. Citizenship & Immigr. Servs.*, 23-CV-10490, 2025 WL 2198926, at *4 (S.D.N.Y. Aug. 10, 2025) (holding that, under *Patel*, § 1252(a)(2)(B)(i) bars courts from reviewing USCIS's denial of an adjustment of status application and refusal to provide an immigrant with an appropriate translator during an interview, because the statute "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief" (emphasis in original) (citing *Patel*, 596 U.S. at 338–39)).  Thus, the Court also lacks subject matter jurisdiction to review USCIS's acceptance of the petitioner's resubmitted application.[6]

## CONCLUSION

For these reasons, the respondents' motion to dismiss is granted and the complaint is dismissed without prejudice.  The Clerk of Court is respectfully directed to enter judgment dismissing the case and close the case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      March 2, 2026

---

[6] Because the Court dismisses the petitioner's complaint for lack of subject matter jurisdiction, the Court does not address the respondents' other arguments.

8